UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIGNATOURS CORPORATION, | Consolidated Case No. C14-1581RSM |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| PHYLLIS HARTFORD d/b/a MOUNTAIN VIEW PROPERTIES.,a Delaware, *et al.*, | |
| Defendants. | |

## I.    INTRODUCTION

THIS CONSOLIDATED MATTER comes before the Court on the following motions to dismiss, all of which raise identical bases for dismissal: 1) Defendant Phyllis Hartford's Motion to Dismiss (Dkt. #18); Defendants Accurate Development, Inc.'s and Thomas Wolter's Motion to Dismiss (Dkt. #25); Defendant Scott Fisher's Motion to Dismiss (Dkt. #26); and Defendants All Seasons Vacation Rentals' and Kevin Kelly's Motion to Dismiss (Dkt. #33) (hereinafter collectively "Defendants").  Defendants argue that this matter should be dismissed against them under Federal Rule of Civil Procedure 12(b)(1) for lack of standing, or, in the alternative, under Rule 12(b)(6) for failure to state a claim or for a more definitive statement under Rule 12(e).  *Id.*  Specifically, Defendants assert that the copyright registration attached to the Complaints in this matter shows that Plaintiff Signatours Corporation ("Signatours") lacks

ORDER
PAGE - 1

standing because it does not own the copyright in the photographs whose alleged infringement is the basis of the Complaint; and the Complaint further fails to allege basic facts regarding Signatours' alleged ownership of the copyrights, or regarding the acts that supposedly constitute infringement and the identity of the photos whose copyrights are alleged to have been infringed, what acts are supposed to have constituted the infringement, and when those acts are supposed to have occurred. *Id.* Signatours opposes the motions, arguing that it has unambiguously pled ownership of the copyright in question such that is has standing to pursue these cases, and has otherwise met the appropriate pleading standards. Dkt. #20.[1] For the reasons set forth herein, the Court disagrees with Plaintiff and GRANTS Defendants' motions to dismiss.

## II.    BACKGROUND

This matter stems from alleged copyright violations of Plaintiff's photographs by the various consolidated Defendants. Plaintiff authors and is the owner of non-stock, high-dynamic range (HDR), commercial photographs of inns, resorts and vacation rental properties. Dkt. #1 at ¶ 5. Plaintiff asserts that these photographs are typically licensed to management companies for use in marketing and rental of the properties. *Id.* Signatours alleges that it is the copyright owner of photographs of the vacation rental properties referred to as the "Crystal River Ranch Property," "Guy Peak Lodge" and/or "Chamonix Place," located at Snoqualmie Pass, Washington, and "Eagle Thunder Lodge Property" or "Snoqualmie Summit." Dkt. #1 at ¶¶ 5-6 in Case Nos. C14-1581RSM, C14-1600RSM, C14-5834RSM, and C15-0282RSM.

---

[1] Because the motions and responses were filed separately in each individual case, on separate dockets prior to consolidation, but are nearly identical in form and argument, the Court will refer to the singular briefs filed in Case No. C14-1581RSM for ease of reference, with the understanding that the same discussion applies to all Defendants in this Order.

ORDER
PAGE - 2

Plaintiff further alleges that Defendants have violated its copyright in the subject photographs by copying and publishing them in Defendants' rental marketing materials.  Dkt. #1 at ¶ 6.  The Defendants subject to this Order are alleged to have violated the same asserted Signatours copyright, VAu001055316, which became effective on January 10, 2011.  *See* Dkt. #1 at ¶ ¶ 5-6 in Case Nos. C14-1581RSM, C14-1600RSM, C14-5834RSM, and C15-0282RSM.  A single claim of alleged copyright infringement has been alleged against each of the Defendants.  *Id.*  Defendants now move to dismiss the claims in their entirety.

## III.    DISCUSSION

As noted above, Defendants have moved to dismiss on alternative bases.  The Court first addresses Defendants' argument that Plaintiff lacks standing to bring its claims because it fails to adequately plead ownership of the copyright allegedly infringed, and, in fact, the copyright attached to the Complaint actually reveals a different owner – a business entity called "Sunspots."  *See* Dkt. #18 at 2

### A.  Standing Under the Copyright Act

Under the Copyright Act,

> The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.

17 U.S.C. § 501.  In order to "be entitled to sue for copyright infringement, the plaintiff must be the legal or beneficial owner of an exclusive right under a copyright."  *Silvers v. Sony Pictures Ent''t, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (internal quotation marks omitted).

The Copyright Act provides an exhaustive list of six "exclusive rights" held by copyright owners:

ORDER
PAGE - 3

> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
>
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106; *see also Silvers*, 402 F.3d at 886-87 (recognizing that this list is exhaustive). The various exclusive rights provided for under this section may be transferred and owned separately. *Id.* § 201(d). Since the right to bring suit for an accrued claim is not one of the "exclusive rights" identified in § 106, the Ninth Circuit has held that a person may not bring suit for copyright infringement where they own only the "bare right to sue," but do not own any of the exclusive rights provided for in § 106. *Silvers*, 402 F.3d at 885-86.

**B.  Legal Standard for Motions Under Rule 12(b)(1)**

A motion to dismiss brought under Rule 12(b)(1) may be granted where the court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Thus, Rule 12(b)(1) is the appropriate vehicle for dismissing a claim where the plaintiff lacks standing to sue under the Copyright Act. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1140 (9th Cir. 2003). Once the moving party has asserted lack of subject matter jurisdiction, the burden is on the

party asserting jurisdiction; the court will presume that there is no jurisdiction until proved otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Id.* at 1139.

### C.  Copyright Registration VAu001055316

In this case, Defendants are alleged to have infringed Copyright Registration VAu001055316.  As Defendants note in their motion, the Copyright Registration Certificate reflects the copyright claimant as "Sunspots." Dkt. #1, Ex. A.  The certificate itself does not mention Signatours. *See id.*  Plaintiff has provided no other proof of ownership, other than its bare allegation that it is the legal or beneficial owner of the copyright. Dkt. #20 at 1-3.  This is not enough. Because Plaintiff has attached a registration certificate that reflects a different entity as the copyright claimant, but has failed to provide any evidence, by affidavit or otherwise, that it is somehow connected with that claimant or that it became the legal or beneficial owner of the copyright, the Court finds that it lacks jurisdiction over the claims.  As a result, the Court need not address Defendants' alternative arguments.

### D.  Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)).  Accordingly, if Plaintiff wishes to amend its

ORDER
PAGE - 5

Complaint, it is permitted to file a First Amended Complaint within fourteen (14) days of the date of this Order.

## IV.     CONCLUSION

Having reviewed the Defendants' motions to dismiss, the Plaintiff's Response thereto and Defendants' Reply in support thereof, along with the remainder of the record, the Court hereby ORDERS:

1. Defendant Phyllis Hartford's Motion to Dismiss (Dkt. #18) is GRANTED.

2. Defendants Accurate Development, Inc.'s and Thomas Wolter's Motion to Dismiss (Dkt. #25) is GRANTED.

3. Defendant Scott Fisher's Motion to Dismiss (Dkt. #26) is GRANTED.

4. Defendants All Seasons Vacation Rentals' and Kevin Kelly's Motion to Dismiss (Dkt. #33) is GRANTED.

5. Plaintiff's claims against these Defendants are DISMISSED in their entirety. However, if Plaintiff wishes to amend its Complaint, it is permitted to file a First Amended Complaint no later than **fourteen (14) days** of the date of this Order.

DATED this 10 day of March, 2015.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE