1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

SIGNATOURS CORPORATION,

Consolidated Case No. 14-1581 RSM

11

12

Plaintiff,

ORDER GRANTING DEFENDANTS'
MOTION TO COMPEL

13

v.

14

15

PHYLLIS HARTFORD d/b/a MOUNTAIN
VIEW PROPERTIES, *et al.*,

16

Defendants-Counterclaimants,

17

v.

18

19

SIGNATOURS CORPORATION, *et al.*,

20

Counterclaim Defendants.

21

**I.      INTRODUCTION**

22

23

24

25

26

27

28

This matter comes before the Court on consolidated Defendants and Counterclaimants

(Defendants)'s Motion to Compel, Dkt. #59.  Defendants seek a Court Order "compelling

Plaintiff and counterclaim defendant Signatours, Inc. ("Signatours") to make a complete

production of documents responsive to their First Joint Set of Requests for Production to

Signatours without distinction between itself and its related entities."  Dkt. #59 at 4. Signatours

opposes this Motion.  For the reasons set forth below, the Court GRANTS Defendants' Motion.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 1

## II.    BACKGROUND

A full background of this case is not necessary for the purposes of this motion. Signatours alleges it authors and is the owner of non-stock, high-dynamic range (HDR), commercial photographs of inns, resorts and vacation rental properties.  Dkt. #42 at 2. Signatours asserts that these photographs are typically licensed to management companies for use in marketing and rental of the properties.  *Id*.  Signatours alleges that it is the copyright owner of photographs of the vacation rental properties referred to as: "Crystal River Ranch Property," "Guy Peak Lodge" and/or "Chamonix Place," located at Snoqualmie Pass, Washington, "Eagle Thunder Lodge Property" or "Snoqualmie Summit," and "Skyo Lodge (Volcano Cabins)," located in Lewis County, Washington.  *Id*.  Signatours further alleges that Defendants have violated its copyrights in the subject photographs by copying and publishing them in Defendants' various online rental marketing materials.  *Id*.

On July 30, 2015, Defendants served their first set of requests for production on Signatours.  Dkt. #60-1 at 13.  Signatours served its responses on September 1, 2015.  Dkt. #60-10.  Signatours' responses raised several "general objections," including the following:

> 2.      Signatours objects to the definition of "Related Entity" and to these requests to the extent that they purport to require Signatours to investigate or obtain documents from such entities. First, there has been no evidence provided that these entities are in fact related, or otherwise in control of named party Signatours, or that Signatours has any obligations vis-à-vis such parties. Signatours has no obligation to investigate or obtain documents from such entities. Second, as to the parties not named in the lawsuit, such information or documents is not reasonably calculated to lead to the discovery of admissible evidence and/or not relevant to the claims or defenses involved in the pending action. Third, as to the other parties named in the lawsuit, such are represented by separate counsel and the information sought is obtainable from some other source (namely the other parties) that is more convenient, less burdensome, and less expensive.

*Id.* at 3.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

On September 24, 2015, Defendants' counsel wrote to Signatours' counsel arguing that any objections had been waived because Signatours' responses had been served a day late. Dkt. #60-11. Signatours supplemented its responses on October 16, 2015, but still maintained that it did not have in its possession "most if not all documents related to other parties named in this lawsuit." Dkt. #60-3. Defendants maintain that they have not been able to obtain the documents at issue from Counterclaim Defendants. Dkt. #59 at 9.

On February 8, 2016, Defendants conferred by phone with counsel for Signatours about these issues. Dkt. #60-15.[1] Counterclaim Defendants did not participate. *Id*. Defendants maintain that Signatours has failed to make a complete production, necessitating this Motion.

## III.   DISCUSSION

### A.  Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) (effective December 1, 2015). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the

---

[1] Signatours argues that Defendants failed to meet and confer under Local Rule 37(a)(1). Dkt. #63 at 2. This rule requires that the movant "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." LCR 37(a)(1). Signatours' argument appears to be that, although it was informed of the need for a phone call to address the instant Motion's discovery issues, and although it participated in that phone call, counsel for Counter-Defendants was not able to participate, and this phone call does not qualify as a "meet and confer." Dkt. #63 at 3. Defendants argue that "[t]he call between counsel for the Defendants and counsel for Signatours lasted twenty minutes, and included substantive discussion of Signatours' position that it is a separate entity that is not obligated to produce documents pertaining to its related companies." Dkt. #66 at 5. The Court finds that Signatours was on notice as to the instant discovery dispute, and that Defendants made a good faith effort to address the dispute through several communications, including a telephone conference with "the person or party failing to make disclosure or discovery." Accordingly, Local Rule 37(a)(1) is satisfied.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 3

discovery of admissible evidence.'"  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Id*. (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).  If requested discovery is not answered, the requesting party may move for an order compelling such discovery.  Fed. R. Civ. P. 37(a)(1).  The party that resists discovery has the burden to show why the discovery request should be denied.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## B.  Irrelevant Portions of Briefing

The Court begins by noting that the parties have gone extremely far afield in their briefing for this Motion, essentially arguing the merits of the case rather than addressing the narrow discovery at issue.  The Court is not interested in the merits of the case at this juncture.  Rather, the Court hopes to ascertain through this Motion what discovery is at issue, why it was not produced, and whether the Court should compel its production.

## C.  Responses One Day Late

Defendants first argue that Signatours served its responses "one day late" therefore "waiving any objections to defendants' discovery."  Dkt. #59 at 8 (citing *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)).  Signatours concedes that its discovery responses and objections "were tardy by one day."  Dkt. #63 at 4.  Signatours states that this was not intentional, but was due to an erroneous docketing entry.  Dkt. #65 at 3.  Signatours argues that Defendants suffered no prejudice as a result of this error, and requests that the Court use its discretion and conclude that Signatours did not waive its objections.  Dkt. #63 at 4 (citing *inter alia*, *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004)).  Based on the record before it, the Court concludes that Signatours' delay was not due to bad faith, that it was

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 4

1   of the shortest possible time, and that it did not prejudice Defendants.  Accordingly, the Court

2   will not consider Signatours' objections waived.

3   **D.  Signatours' Objections**

4   Defendants next address the merits of Signatours objections.   Defendants present

5   evidence that Signatours and the Counterclaim Defendants share the same offices and have

6

7   significant overlap in personnel:

8   Signatours is registered as a Washington Corporation whose sole
    governing person is counter defendant Penny Taylor, and whose
9   registered agent is counter defendant Finito. (Signatours Corp.
    Reg. Detail, ECF No. 9-2). Penny Taylor is the wife of William
10   May, (Taylor Dep. 7:17–18, ECF No. 9-3), who is the sole
    governing person of Finito, (Finito Corp. Reg. Detail, ECF No. 9-
11   4). Finito is also the registered agent of counter defendant Vortex.
    (Ex. 17, Vortex Corp. Reg. Detail). May has previously testified
12   under oath that the same "offices are shared by Signatours and
    Vortex and everything. It's the same place. It's all one little
13   office." (May Dep. 61:8–10, ECF No. 9-5).

14

15   Signatours does not charge Vortex to take vacation rental
    photographs, and orally licenses those photographs back to Vortex
16   for use in promoting properties free of charge. (Taylor Dep. 24:4–
    21, ECF No. 9-3; Signatours Dep. 27:8–12, ECF 9-7)…. As of at
17   least 2014, Signatours had no costs, paid no salaries, and had no
    revenue. (Signatours Dep. 35:12–36, ECF 9-7). May claims to be
18   employed by Vortex despite receiving no pay from and having no
    ownership interest in that entity, nor any other income from any
19   other source. (May Dep. 12:11–25, ECF No. 9-5). Although May
    has denied under oath that he holds any position with Signatours,
20   (*id*. at 5:3–5), Signatours has represented to the public that May is
    part of its "staff" who is responsible for "administration" of the
21   company, (Signatours Staff Page, ECF No. 9-6). Despite
    Defendants' request, Signatours has not produced a single
22   document relating to its corporate separateness beyond its
    corporate registration document itself. May has testified under oath
23   that his wife is the sole shareholder of Signatours, (Signatours Dep.
    32:10–11, ECF 9-7), but Signatours has not produced any
24   documentation of her ownership, or any separate property
    agreement that would establish that her interest is not part of her
25   marital community with May. Signatours has no board, only
    informal advisors that it "pay[s] in pizza," according to May. (*Id*.

26

27

28

at 32:12–15). When they meet, those advisers discuss the business of Signatours and all the other entities from which it claims to be apart without distinction. (*Id.* at 32:12–20).

Dkt. #59 at 10-11.  Defendants argue that Signatours has physical possession of the documents in question, and should therefore produce them.  *Id.* at 11-12 (citing *Afros SPA v. Krauss-Maffei Corp.*, 113 F.R.D. 127, 128-30 (D. Del. 1986) ("If a party … shares control of documents with a third person, then a court can order production by means of its power over the party litigant.")).  Defendants also appear to argue that Signatours and the Counterclaim Defendants are alter-egos, and that the objections are thus void.  *Id.* at 12 (citing *Duracore Pty Ltd. v. Applied Concrete Tech. Inc.*, No. 5:13-CV-184-TBR-LLK, 2015 WL 4750936, at *2 (W.D. Ky. Aug. 11, 2015); *Perini Am., Inc. v. Paper Converting Mach. Co.*, 559 F. Supp. 552, 553 (E.D. Wis. 1983)).  Defendants argue that "[c]ourts have also held that companies that 'act[] as one' for purposes of assisting each other in litigation or the underlying transaction at issue should be treated as one for purposes of Rule 34."  *Id.* (citing *Alimenta (U.S.A.) Inc. v. Anheuser-Busch Companies*, 99 F.R.D. 309, 313 (N.D. Ga. 1983); *Davis v. Gamesa Tech. Corp.*, No. CIV. A. 08-4536, 2009 WL 3473391, at *3 (E.D. Pa. Oct. 20, 2009).[2]  Defendants argue that Vortex and/or Finito have provided documents to Signatours only when convenient in this litigation.  *Id.*

In Response, Signatours argues that it is a separate legal entity under separate ownership and control, is wholly owned and controlled by Penny Taylor and not her husband William May, or under the control of Finito and Vortex, and that there "is no marital community between Ms. Taylor and Mr. May, who have had separate estates for nearly 40 years and a recorded separate property agreement since 1988."  Dkt. #63 at 5 (citing

---

[2] The Court notes that these cases refer to situations were documents were requested from wholly-owned subsidiaries and sister-companies found to be alter-egos.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 6

Declaration of Penny Taylor, Dkt. #64).  Signatours argues that it rents space in a commercial,

multi-use building along with "roughly a half-dozen other businesses or individuals" including

but not limited to Counter-Defendants, and that it shares computers with these other businesses

and individuals.  *Id.*  Rather opaquely, Signatours argues that  "[w]hile it was in the possession

of certain documents from other entities based on earlier activities, most years ago, it does not

as part of its regular business operations maintain, control or have access to the documents of

the other parties."  *Id*. at 6 (citing Dkt. #64).  Signatours argues that it has tried to obtain the

requested documents from Counter-Defendants but has failed to do so.  *Id.*  Signatours appears

to imply that it could still obtain the requested documents.  *Id.*  Signatours argues that

"[d]ocuments that are in the actual possession of a third person or entity are deemed to be in the

responding party's control only if he has the legal right to obtain the documents on demand,

citing *Klesch & Company, Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 520 (D. Colo. 2003)

and *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992).  Dkt.

#63 at 5.    Signatours  also  argues  that  certain  documents  were  withheld  based  on

"confidentiality," citing to private confidentiality agreements between Signatours and third

parties.  *Id.* at 6-7.  Signatours offers no legal justification to withhold these documents, but

states that it will have no choice but to seek a protective order from the Court.[3]  *Id*. at 7.

Signatours objects to Defendants' request for attorney's fees related to this Motion due to the

meet and confer issues stated above.  *Id*.

On Reply, Defendants argue that Signatours' Response relies on documents that were

not disclosed in response to Defendants' Request for Production No. 23 seeking "[a]ll

documents relating to the operation of Signatours' as a separate formal entity…"*see* Dkt. #60-1

---

[3] The Court notes that no protective order has been filed in this case by Signatours or any other party, despite Signatours having notice of this potential issue for several months.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 7

at 11, and relies on facts that were not disclosed in response to Defendants' Interrogatory No.

11, *see* Dkt. #60-3 at 19-20.  Dkt. #66 at 5.  Defendants argue that Penny Taylor's Declaration

"makes numerous questionable, misleading, or false assertions," including the following:

> Taylor represents that Signatours "is wholly owned and controlled by me—not by my husband, William May, or any of the other legal entities named in this lawsuit, including Finito and Vortex." (Taylor Dec. ¶7). But Signatours' web site lists William May as responsible for the company's "administration," while listing Taylor as merely performing "customer service." (Signatours Staff Page , ECF No. 9-6). In previous litigation, Signatours has designated May, not Taylor, as its corporate representative, and he has testified under oath that it and the various other entities with which he and Taylor are associated are managed collectively by the same people without regard for corporate distinctions. (*Id*. at 32:12–20).

> Taylor asserts that "Signatours is not engaged in any way in the vacation rental or management business." (Taylor Dec. ¶ 5). Yet Signatours has produced many documents relating to that very business—vacation rental contracts, e-mails with property owners, and marketing plans—from what it claims are its own files. (Taylor Dec. ¶ 8).

> Taylor swears that Signatours "does not as part of its regular business operations maintain, control or have access to the documents of the other parties." (Taylor Dec. ¶ 8). But when Defendants questioned the fidelity of copies in Signatours' production of certain emails between William May and a property owner, Signatours readily obtained produced the "raw electronic documents. (Ex. 21, Jan. 29, 2016, Lowe Letter and Attachment).

> Taylor states that "Signatours' photographers" create photographs that "Signatours commissions." But May testified as Signatours' representative that a single photographer takes the photographs as an employee of Vortex, which assigns the copyrights to Signatours and receives a free license back to use them for advertising vacation rentals. (ECF No. 9-7, Signatours Dep. 6:20–7:2, 27:8–29:12). Signatours' interrogatory responses and document production fail to identify information about any photographers employed by or commissions for photographs received by Signatours.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 8

*Id.* at 6.[4]   Defendants argue that Signatours has failed to show that it "in fact has no separate corporate existence or governance apart from the other entities with which it is operated hand-in-glove for purposes of both this litigation and the underlying vacation rental management business."   *Id.* at 7.   Defendants argue that "Taylor's declaration, even if credited, conspicuously omits any assertion that anything physically prevents her from simply collecting the responsive documents from the space that she physically shares with the other entities," and that Signatours' assertion that Defendants could obtain the requested documents from Counter-Defendants rings hollow given the parties' dealings so far.   *Id.* at 8.

The Court begins by noting that Signatours' "general objections" make it difficult for the party requesting discovery to understand what objections are actually being made and what documents are actually being withheld; they serve no legitimate purpose, skirt the requirements of the civil rules, and are disfavored by this Court.   *See Weidenhamer v. Expedia, Inc.*, 2015 U.S. Dist. LEXIS 36142, *20-22 (W.D. Wash. Mar. 23, 2015).   The Court finds that all documents withheld purely on confidentiality grounds must be produced, absent a protective order.   As to the objection that certain documents are not within the control of Signatours, the Court turns to Defendants' arguments that these documents are in the possession of Signatours *and* third parties (or Counter-Defendants) and that Signatours and Counter-Defendants are essentially alter-egos.   The Court notes that Signatours does not explicitly deny that it has possession of the requested documents, but implies that such documents are legally owned by third parties and/or Counter-Defendants.   The Court finds that it need not determine the alter ego status of the various parties at this time.   Even if Signatours and Counter-Defendants are not alter-egos for purposes of liability, the Court finds that these parties are so closely related in

---

[4] The Court finds it unnecessary, for purposes of this Motion, to make a "specific adverse credibility finding" against Ms. Taylor as requested by Defendants.   *See* Dkt. #66 at 9.

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 9

staff and business interests as to call into question Signatours' apparent inability to obtain and produce the requested documents.  Signatours is left without a valid excuse for turning over these otherwise discoverable materials, and has failed to meet its burden to show why the discovery request should be denied.  *See Blankenship, supra.*  Accordingly, Defendants' Motion will be granted.

### E.  Defendants' Request for Attorney's Fees

If a motion to compel is granted, "the court must… require the party or deponent whose conduct necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  Rule 37 (a)(5)(A).  But the court must not order this payment if: the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust.  Rule 37(a)(5)(A).  The Court finds that Defendants did meet and confer in good faith, that Signatours' objections were not substantially justified, and that an award of attorneys' fees is warranted and required under Rule 37.

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1.   Defendants' Motion to Compel is GRANTED;

2.   Signatours shall make a complete production of documents responsive to Defendants' First Joint Set of Requests for Production to Signatours, without distinction between itself and the counterclaim defendants in this case or other entities controlled by Signatours.  All documents previously withheld purely on

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 10

6e

confidentiality grounds must be produced.   This production must be made **within fourteen (14) days of this Order**.

3.   Defendants are directed to file a Motion for Attorney's Fees and Costs associated with preparing this Motion within **six (6) days** of this Order, noting it for consideration no earlier than the second Friday after filing.   This Motion shall be limited to five (5) pages and supported by documentary evidence reflecting the amount of fees sought.   Defendants shall not include fees for the time taken to prepare the Motion for Attorney's Fees and Costs, only the underlying Motion to Compel.   Signatours is permitted to file a response addressing solely the reasonableness of the requested fees and costs, and which shall be filed no later than the noting date and limited to five (5) pages.   No Reply shall be filed.

DATED this 19th day of May, 2016.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL - 11