UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SIGNATOURS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>PHYLLIS HARTFORD d/b/a MOUNTAIN VIEW PROPERTIES, *et al.*,<br><br>Defendants-Counterclaimants,<br><br>v.<br><br>SIGNATOURS CORPORATION, *et al.*,<br><br>Counterclaim Defendants. | Consolidated Case No. C14-1581 RSM<br><br>ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.     INTRODUCTION

This matter comes before the Court on Counterclaim Defendants Signatours Corporation ("Signatours"), Vortex Reservations, Inc. ("Vortex"), Finito Services LLC ("Finito"), William May, and Penny Taylor (together "Counterclaim Defendants")'s "Motion Pursuant To Fed. R. Civ. P. 12(b)(6) For Partial Summary Judgment," Dkt. #71. Consolidated Defendants and Counterclaimants ("Counterclaimants") oppose this Motion. For the reasons set forth below, Counterclaim Defendants' Motion is DENIED.

ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

## II.     BACKGROUND

A full background of this case is not necessary for the purposes of this motion. Plaintiff Signatours alleges it authors and is the owner of non-stock, high-dynamic range (HDR), commercial photographs of inns, resorts and vacation rental properties. Dkt. #42 at 2. Signatours asserts that these photographs are typically licensed to management companies for use in marketing and rental of the properties. *Id*. Signatours alleges that it is the copyright owner of photographs of the vacation rental properties referred to as: "Crystal River Ranch Property," "Guy Peak Lodge" and/or "Chamonix Place," located at Snoqualmie Pass, Washington, "Eagle Thunder Lodge Property" or "Snoqualmie Summit," and "Skyo Lodge (Volcano Cabins)," located in Lewis County, Washington. *Id*. Signatours further alleges that Counterclaimants have violated its copyrights in the subject photographs by copying and publishing them in Counterclaimants' various online rental marketing materials. *Id*.

In their Answer, Counterclaimants assert counterclaims against Signatours and several allegedly related persons and entities: the companies Vortex and Finito, and the individuals William May and Penny Taylor. Dkt. #43 at 5. Counterclaimants assert two claims under the Washington Consumer Protection Act ("CPA"), tortious interference with a contract, and a claim under the Washington Criminal Profiteering Act. *Id.* at 9-11. Counterclaimants allege that "Signatours, Vortex, and Finito are nominal business entities operated along with many other such entities without substantial regard to corporate distinctions or formalities from a single physical location by May and Taylor as husband and wife." *Id*. at 5. Counterclaimants allege that these parties are responsible for "sham copyright litigation." *Id*. at 11.

//

//

## III.     DISCUSSION

**A. Nature of Counterclaim Defendants' Motion**

As an initial matter, the Court must determine the nature of Counterclaim Defendants' Motion—is it brought under Rule 12(b)(6), universally referred to as a motion to dismiss by the federal bar, or is it a motion for partial summary judgment, as authorized by Rule 56?  The Motion contains conflicting language that would reasonably confuse any opposing counsel.  On the one hand, the caption and the first sentence state that this Motion is brought under Rule 12(b)(6), the body cites to Rule 12 and fails to state the applicable standard for summary judgment, and the relief sought is dismissal of the counterclaims rather than summary judgment. *See* Dkt. #71. On the other hand, the Motion explicitly references "partial summary judgment."  *Id.*  In Response, Counterclaimants point out that "the moving Counterclaim Defendants have already answered the Defendants' counterclaims" and that a Rule 12(b)(6) motion must be brought before such responsive pleading. Dkt. #73 at 4 (citing Rule 12(b)(6) and Dkt. ##47 and 58).  On Reply, Counterclaim Defendants fail to acknowledge this error, but do state that the Motion "can be characterized as a motion for partial summary judgment under Rule 56." Dkt. #75 at 4.

The Court finds that this Motion is properly denied under Rule 12(b)(6) on the above-stated procedural grounds.  However, in the interest of conserving judicial resources, the Court will proceed to consider the Motion as if it were a summary judgment motion brought under Rule 56.  Because the Court concludes that this Motion fails, Counterclaimants are in no way prejudiced by the lack of notice of the Court's consideration of this Motion under Rule 56.[1]

---

[1] The Court notes that this Motion is brought by all Counterclaim Defendants, including Signatours.  Although Counterclaimants argue that "the filing attorney" represents only Finito, Vortex, William May and Penny Taylor, the Motion is clearly also signed by counsel representing Signatours.  *See* Dkt. #71 at 9.

ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

### B. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### C. Application of *Noerr-Pennington* Doctrine

"The *Noerr-Pennington* doctrine shields individuals from, *inter alia*, liability for engaging in litigation." *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1047, (9th Cir. 2015). The doctrine originated in two Supreme Court antitrust cases holding that the Petition

Clause of the First Amendment prohibits imposing liability under the Sherman Act for "attempt[ing] to persuade the legislature or the executive to take particular action." *Id.* (citing *E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136, 81 S. Ct. 523, 5 L. Ed. 2d 464 (1961); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670, 85 S. Ct. 1585, 14 L. Ed. 2d 626 (1965)). The *Noerr-Pennington* principle has since been expanded to ensure that "those who petition any department of the government," including the courts, "are immune from . . . liability for their petitioning conduct." *Id.* (citing *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006-07 (9th Cir. 2008); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S. Ct. 609, 30 L. Ed. 2d 642 (1972)).

Under the *Noerr-Pennington* doctrine, litigation and pre-litigation material is immune from suit unless the threatened lawsuit was a "sham." *Rock River Communs., Inc. v. Universal Music Group, Inc.*, 745 F.3d 343, 351 (9th Cir. 2014) (citing *Or. Natural Res. Council v. Mohla*, 944 F.2d 531, 534 (9th Cir. 1991); *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 939-40 (9th Cir. 2006)). A "sham" lawsuit is one where the suit is both "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits" and "an attempt to interfere directly with the business relationship of a competitor through the use of the governmental process — as opposed to the outcome of that process." *Id.* at 351-52 (citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60-61, 113 S. Ct. 1920, 123 L. Ed. 2d 611 (1993) (alteration, citation and internal quotation marks omitted)).

Counterclaim Defendants argue that the actions of Signatours alleged in the counterclaims are incident to the filing of a lawsuit for copyright infringement and are thus protected under the *Noerr-Pennington* doctrine. Dkt. #71 at 4. In the same breath, Counterclaim Defendants argue that "[t]he counterclaims… against Vortex, Finito, May and

ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

Taylor, as set out in the Answer, are wholly unrelated to Signatours' copyright claims" and that these claims "arise from assertions of misconduct in the business of acting as rental agents, again which are wholly unrelated to Signatours' copyright claims." *Id*. at 4-5. Counterclaim Defendants argue that Counterclaimants fail to allege that Signatours' copyright claims are "objectively baseless" or "that no reasonable litigant could realistically expect success on the merits." *Id*. at 5.

In Response, Counterclaimants argue that the *Noerr-Pennington* doctrine clearly does not apply to claims against Finito, Vortex, William May, and Penny Taylor, as these parties did not file the instant suit. Dkt. #73 at 5. Counterclaimants argue that the instant lawsuit is "sham copyright litigation" and that issues of fact preclude dismissal of the counterclaims. *Id*. at 6. Counterclaimants argue that sham litigation exists where the lawsuit is: "objectively baseless" and "a concealed attempt to interfere with… business relationships;" part of a series of lawsuits "brought pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival;" or if in the context of a judicial proceeding, the plaintiff's "knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." *Id*. at 6-7 (citing *Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998). Counterclaimants argue that they have "alleged that the five suits consolidated in this action are part of a pattern of nuisance copyright litigation by Signatours and its predecessor and alter ego Finito." *Id*. at 7 (citing Dkt. #43 at ¶¶40, 48). Counterclaimants cite to previous briefing alleging that these consolidated cases "are not ones that Signatours could ever expect to be warranted on the merits." *Id*. (citing Dkt. #59 at 1-5). Counterclaimants argue that the crux of this case is a dispute over whether authorization was given for use of the photographs in question, and that Counterclaimants will essentially testify

ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

that Counterclaim Defendants are "lying," and that this constitutes a "knowing fraud" on the Court. *Id*. at 7-8.

On Reply, Counterclaim Defendants cite to *Kottle* as stating that the "sham" exception "encompasses situations in which persons use the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon," and argues that Signatours and Counterclaimants are not in competition. Dkt. #75 at 5 (citing 146 F.3d at 1060). Counterclaim Defendants repeat the law cited by Counterclaimants, and argue without citation or analysis that no Counterclaimant is a "market rival" of Signatours. *Id.* at 6. With regard to the "knowing fraud" exception to *Noerr-Pennington* immunity, Counterclaim Defendants respond with one sentence: "Counterclaimants have shown no such conduct by Signatours with respect to the assertion of its copyright claims." *Id*.

Because the Court is considering this Motion as requesting summary judgment, the sufficiency of the pleading itself is not in question. Rather, the burden is on Counterclaim Defendants as the moving party to show that no genuine issue of material fact exists and that these counterclaims should be dismissed as a matter of law. As an initial matter, the Court agrees with Defendants that the *Noerr-Pennington* doctrine does not protect Finito, Vortex, Mr. May or Ms. Taylor. Further, the Court is not convinced by Counterclaim Defendants' terse briefing that no questions of fact exist as to whether Signatours brought this series of lawsuits "pursuant to a policy of starting legal proceedings without regard to the merits and for the purpose of injuring a market rival" or whether Signatours has made knowing misrepresentations to the Court. The Court bases this finding on the entire record in this case. These questions of fact preclude summary judgment under the *Noerr-Pennington* doctrine, and Counterclaim Defendants' Motion will not be granted on this ground.

ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

### D. Jurisdiction over Counterclaims against Finito, Vortex, Mr. May, and Ms. Taylor

Counterclaim Defendants' argue that this Court does not have subject matter jurisdiction over counterclaims brought against Finito, Vortex, Mr. May, and Ms. Taylor because they are based on state law, "have no nexus to federal law," and because these claims are essentially third party claims rather than counterclaims. Dkt. #71 at 6. Counterclaim Defendants admit that the Court could have jurisdiction under 28 U.S.C. § 1367 if these counterclaims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," but argue that such is not the case here. *Id*. at 7.

In Response, Counterclaimants argue that the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Dkt. #73 at 10. Counterclaimants argue that it is hotly disputed whether Signatours is in fact owned by Penny Taylor and that none of the other parties have any ownership or control over Signatours. *Id.* (citing to Dkt. # 59 and exhibits submitted in support of that Motion). Counterclaimants argue that their counterclaims "are deeply interwoven with their affirmative defenses against Signatours' claims of copyright infringement." *Id.* Counterclaimants also argue that the Court should not decline to hear these claims under 28 U.S.C. §1367(c) in the interest of "economy, convenience, fairness, and comity." *Id.* at 11 (citing *Satey v. JPMorgan Chase & Co.*, 521 F. 3d 1087, 1091 (9th Cir. 2008).[2]

On Reply, Counterclaim Defendants argue that "none of the Counterclaimants have any direct relationship with Signatours" and that:

> Counterclaimants merely gripe about how they see the business activities of Vortex and Finito in property management as improper. By inference and innuendo, Counterclaimants seek to paint Signatours and its owner, Penny May, with the same brush as used on Vortex and Finito. But that brush does not make the

---

[2] Counterclaim Defendants also argue that "nothing in the Federal Rules prevents Defendants from having joined the moving Counterclaim Defendants as co-defendants in their counterclaims against Signatours." Dkt. #73 at 9. The Court agrees.

ORDER DENYING COUNTERCLAIM DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 8

counterclaims so related to Signatours copyright claims in this action that they form part of the same case or controversy.

Dkt. #75 at 7-8.

The Court begins by noting that supplemental jurisdiction over state law claims is routinely granted. The Court has already found that Counterclaim Defendants and Signatours are "so closely related in staff and business interests" that Signatours can effectively retrieve documents in discovery from the remaining counterclaim defendants. *See* Dkt. #77 at 9-10. The Court will extend that finding now to state that it is satisfied that the counterclaims at issue are so related to Plaintiff's claims and Counterclaimants' affirmative defenses that they form part of the same case or controversy. The claims, affirmative defense, and counterclaims all involve the same set of individuals and business transactions. The Court will thus deny this portion of Counterclaim Defendants' Motion.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Counterclaim Defendants' "Motion Pursuant To Fed. R. Civ. P. 12(b)(6) For Partial Summary Judgment" (Dkt. #71) is DENIED;

2. An award of costs under Local Rule 11(c) is not warranted at this time.

DATED this 26th day of May 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE